IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WISE COMPANY, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAILY BREAD, LLC, a Utah limited liability company; and EMERGENCY RESERVE, LLC, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-cv-00868-CW<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Before the Court are Plaintiff's motion to remand and Defendants' alternative motion to extend time for removal.  (Dkt. No. 14.)  The court finds that oral argument on these motions is not necessary and will determine the motion on the basis of the written briefs pursuant to DUCivR 7-1(f).  For the reasons discussed below, the Court GRANTS Defendants' motion to extend time for removal and DENIES Plaintiff's motion to remand.

## **FACTUAL BACKGROUND**

Plaintiff Wise Company, Inc. ("Wise") served a summons and complaint on Defendant Daily Bread, LLC ("Daily Bread") on August 8, 2011 and on Defendant Emergency Reserve, LLC ("Emergency Reserve") on August 12, 2011.  Pl.'s Mem. Supp. Mot. to Remand, 1 (Dkt. No. 11.)  The summons and complaint indicated that the action was to be filed in Utah State Court.  Under Utah civil procedure rules, plaintiffs can commence a suit by service of a

summons and complaint prior to filing the complaint with the court, as long as the summons, complaint, and proof of service is filed within ten days after service of process.  *See* Utah R. Civ. P. 3(a) (2011).

After both Defendants were served with process, Defendants' counsel checked the state's online docket each business day for over ten days to see whether Wise had filed the complaint with the state court.  *See* Decl. of Ryan Mitchell, ¶ 3 (Dkt. No. 13, Ex. A.)  No record that the complaint had been filed appeared on the state's online docket at any time that Defendants' counsel checked it.  *Id*., ¶ 4.  On August 23, 2011, eleven days after Emergency Reserve was served, Defendants' counsel spoke with the court clerk for the Second Judicial District Court of the State of Utah to inquire whether the complaint served on Defendants had been filed with the state court.  *Id*., ¶ 5.  The clerk of the court informed Defendants' counsel that no complaint had been filed in the case.  *Id*.  Defendants' counsel continued to check the state's online docket for several days after his conversation with the clerk, but no record of the complaint being filed appeared on the online docket.  *Id*., ¶ 6.

Under Utah civil procedure rules, if a complaint that has been served before being filed in state court is not filed within ten days, the case is "deemed dismissed" and the court no longer has jurisdiction over it.  *See* Utah R. Civ. P. 3(a) (2011).  Defendants, relying on this rule, assumed that the case had been dismissed and took no further action.[1]

---

[1] Defendants correctly cite Utah case law to support their reliance on the online docket and on direct conversations with the court clerk.  *See Welsh v. Hospital Corp. of Utah*, 2010 UT App 171, ¶ 18, 235 P.3d 791 ("Docket entries and telephone calls from court clerks are features of the day-to-day litigation process. The smooth functioning of that process requires that attorneys are able to reasonably rely on such routine communications and not merely mark time

Unbeknownst to Defendants, Wise filed the action in state court on August 18, 2011. No information has been provided to the court to explain why neither the online docket nor the docket clerk failed to indicate that the complaint had been timely filed. Nevertheless, it is undisputed that Defendants' counsel did not receive notice that the case had been filed in the state court until receiving Wise's request to enter default. Decl. of Ryan Mitchell, ¶ 8 (Dkt. No. 13, Ex. A.) Defendants filed a notice of removal of the suit in this court on September 16, 2011, the day after they learned that the complaint had been filed in state court. *Id*., ¶ 9.

Following the removal, Wise moved to have the case remanded to state court on the grounds that Defendants failed to remove the case within the thirty-day time limit allowed by federal law. Pl.'s Mem. Supp. Mot. to Remand, 2 (Dkt. No. 11.) In response, Defendants first argue that their removal was timely. In the alternative, they move for an extension of time for removal on equitable grounds. Defs.' Mem. in Opp'n (Dkt. No. 13.)

## ANALYSIS

**I. MOTION TO REMAND**

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

until a formal order is signed and entered.").

28 U.S.C. § 1446 (b) (2011) (emphasis added).  The Supreme Court has clarified that the thirty-day limit within which defendants have to remove cases to federal court under Section 1446 begins from the date of service, and not the date of filing.  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[I]f the summons and complaint are served together, the 30-day period for removal runs at once.").

A straightforward application of *Murphy Brothers* establishes that the removal in this case was not timely.  Daily Bread was served with a summons and complaint on August 8, 2011. Accordingly, Daily Bread had until September 7, 2011 to remove the case to federal court. Emergency Reserve was served with a summons and complaint on August 12, 2011.  Emergency Reserve thus had until September 12, 2011 to remove.[2]  Because Defendants did not file their notice of removal until September 16, 2011, their removal was not timely.

Defendants argue that under the circumstances of this case, the court should hold that their removal notice was timely.  Defendants point out that Utah procedure allows a plaintiff to serve a summons and complaint before a lawsuit is actually filed, and that Utah courts deem the underlying lawsuit dismissed if the complaint is not filed within ten days of service.  Defendants contend that given these rules, a removable lawsuit will not necessarily exist at the time the service of the summons and complaint is complete.  This possibility actually played out in this case, since Wise did not file the complaint within ten days after serving Daily Bread. Defendants conclude that, in such cases, the time for removal should not be deemed to start until

---

[2] Thirty days from August 12, 2011 would be September 11, 2011 which was a Sunday. Thus, Emergency Reserve would have had until the following business day to properly remove their case.

the case is actually filed. Here, Wise filed its complaint on August 18, 2011 and Defendants filed their notice of removal on September 16, 2011, which is 29 days later.

While this argument has some logical appeal, the Defendants provide no precedent that convinces the court that the rule in *Murphy Brothers* does not apply despite this feature of the Utah rules. The language of Section 1446 clearly states that the time for removal begins at the date of service when the summons and complaint are served together. On its face, the statute does not require that the lawsuit actually be filed at the time of the service. The Supreme Court confirmed that the date of service was the time from which to measure compliance with Section 1446 in *Murphy Brothers*. 526 U.S. at 354.

## II. MOTION TO EXTEND TIME FOR REMOVAL

Defendants have requested, in the alternative, that the court grant a motion to extend the time for removal for equitable reasons. They argue that Federal Rule of Civil Procedure 6(b)(1)(B) gives the court "broad authority to disregard untimeliness." Defs.' Mem. in Opp'n, 6 (Dkt. No. 13.) Defendants have mistaken the court's authority to disregard untimeliness with respect to Section 1446(b)'s removal window. In fact, Rule 6(b)(1)(B) is only applicable to time limits established by federal rules or court order, and not by statute. *See Kreutzer v. Bowersox*, 231 F.3d 460, 464 (8th Cir. 2000) ("Rule 6(b), by its own terms, only applies to time limits set by the Federal Rules of Civil Procedure or to limits set by the court. It cannot be used to extend a statutory limit."); *Hammons v. Int'l Playtex, Inc.*, 676 F. Supp. 1114, 1118 (D. Wyo. 1988) ("[Rule 6(b)] does not permit federal courts to enlarge time periods established by statute."); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165, at 473-75 (2d

ed. 1987) ("Rule 6(b) governs enlargement of time periods prescribed by the federal rules or by order of court. The rule does not apply to time periods set out in statutes.").

While the time within which a case can be removed from state court to federal court is not a jurisdictional matter, courts do not have broad discretion to extend the time beyond the statutory limit. *See Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 99 (1898); *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972); *United States v. Thompson*, 128 F.2d 173, 177 (10th Cir. 1942); *Adams v. W. Steel Bldgs.*, 296 F. Supp. 759, 761 (D. Colo. 1969). In most cases, the thirty-day time limit to remove a case from state to federal court is treated as mandatory, absent a waiver from the plaintiff. *See Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("[T]he failure to waive the timeliness issue requires the district court to remand the case in most instances."); *Adams*, 296 F. Supp. at 761 ("While compliance with the removal time limit is not a jurisdictional prerequisite, the requirement is mandatory and may be insisted upon, absent waiver, by the party seeking remand.").

Nevertheless, a few cases have permitted, for equitable reasons, extensions of time for removal. In *Loftin v. Rush*, the Eleventh Circuit refused to remand a case that was removed well beyond the thirty-day time limit even though a timely motion for remand was filed. 767 F.2d at 805-06 ("While we emphatically disapprove of the government's tardiness, we will not order this cause remanded on technical grounds."). In *Farm & City Insurance Company v. Johnson*, the district court retained a case that was untimely removed for equitable reasons. 190 F. Supp. 2d 1232, 1236-67 (D. Kan. 2002). The court held that retaining the case was appropriate because the untimeliness only applied to one of multiple defendants and only by one day. *Id*. at 1237.

The court also noted that the case involved substantial issues of federal law that are best addressed by a federal court. *Id.* Other courts have also recognized the ability to retain cases that have been untimely removed for equitable reasons. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986) ("Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served."); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (stating that "exceptional circumstances" might exist that would permit courts to use their equitable power to allow an untimely removal to stand); *Vogel v. U.S. Office Prod. Co.*, 56 F. Supp. 2d 859 (W.D. Mich. 1999) *rev'd on other grounds*, 258 F.3d 509 (6th Cir. 2001) ("a showing of exceptional circumstances may result in some degree of excuse from the time limits contained in § 1446.").

  Defendants suggest that their untimeliness should be excused because it resulted from excusable neglect. They argue that their failure to comply with the thirty-day time limit was the result of properly relying on the state court's online docket and direct communication with the state court clerk. Because they were misinformed that Wise had not filed its complaint against them, Defendants relied on the assumption that the case had been deemed dismissed by the state court for failure to file a timely complaint after service. Because they reasonably believed that no complaint had been filed, they were not aware that there was a case initiated in the state court to be removed. They argue that their failure to remove in a timely manner was due to no fault of their own.

  Defendants also emphasize their promptness in removing the case to federal court upon learning that the complaint had been properly filed after all. They filed a notice to remove only

one day after they were notified of the mistake, and only a few days after the Section 1446(b) deadline had expired. Defendants argue that their prompt reaction upon learning their mistake has not prejudiced Wise in any way, and supports an extension of the time for removal.

This court finds Defendants' equitable arguments persuasive. Their reliance on communications from the state court regarding the status of the case was reasonable. Because Defendants could reasonably conclude that the state complaint had been deemed dismissed, they should be reasonably excused for failing file a notice of removal until they learned otherwise. Defendants acted properly upon receiving that notice.

Furthermore, Wise will not be prejudiced in any legally significant way by having this case heard in federal court. There has been no significant actions taken in state court, and as the case involves questions of federal law, the state court has no particular expertise in the matter. The federal nature of the case instead favors it being heard in federal court, and is one of the primary reasons why Congress chose to permit defendants the right to remove cases involving federal questions from state courts.

Defendants' tardiness in removing this case to federal court is the result of no fault of their own. Their good faith in promptly removing the case after being notified of the properly filed complaint lends further support to an equitable extension of time for removal. Therefore, this court grants Defendants' motion to extend the time for removal and retains jurisdiction over this case for all further proceedings.

## CONCLUSION

The court hereby DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to extend the time for removal and retains jurisdiction over the case.

DATED this 29th day of February, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge